UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SCARLET STITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV00436 AGF |
| | ) | |
| LACLEDE GAS COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This employment discrimination matter is before the Court on Defendant Laclede Gas Co.'s motion to dismiss pro se Plaintiff Scarlet Stith's complaint, for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6), or alternatively, for a more definite statement. For the reasons set forth below, the motion to dismiss shall be denied, and the motion for a more definite statement shall be granted.

**BACKGROUND**

Plaintiff filed this action using an Employment Discrimination Complaint form on which she indicated that her claim was pursuant to Title VII of the Civil Rights Act of 1964. She check-marked the form to indicate that the lawsuit involved termination from employment, failure to promote, terms and conditions of employment, retaliation, and harassment, and that the alleged discrimination was on the basis of race. For the factual bases of her claims, Plaintiff attached an EEOC Intake Questionnaire, which recounts some events during Plaintiff's employment with Defendant as a Staff Assistant in Customer Accounting with responsibilities that included processing "heat grants." This

document does not mention any circumstances surrounding Plaintiff's termination, nor any activity on Plaintiff's part that allegedly led to prohibited retaliation against her, nor any conduct that could be interpreted as harassment.

In response to Defendant's motion, Plaintiff has submitted numerous emails and another document which she states show how "upper and middle management messed up the heat grants during 2009-10." She concludes her response as follows:

> In closing, my case against Laclede Gas is based on Wrongful termination and Discrimination. All upper and middle management personnel are still employed or worked long enough to retire from the company. During my employment, upper and middle management personnel were re-assigned to each other's positions. I was never afforded the opportunity to advance at Laclede Gas as an assistant manager in the customer accounting during the six years I worked in this department. I was terminated because upper and middle management said that I did not reconcile heat grants which were not my responsibility.

## **DISCUSSION**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To survive a motion to dismiss for failure to state a claim, a complaint "does not need detailed factual allegations," but the allegations must nonetheless "be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff need only allege facts that permit the reasonable inference that the defendant is liable, even if the complaint "strikes a savvy judge that actual proof of the facts alleged is improbable" and recovery "very remote and unlikely." *Hamilton v. Palm*, 621 F.3d 816, 819 (8th Cir. 2010) (quoting another source).

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement in response to a pleading that is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "A pleading that meets Rule 8(a)'s notice pleading standard and puts the other party on notice of the claim does not provide a basis for requesting a more definite statement." Blankenship v. Chamberlain, 695 F. Supp. 2d 966, 977 (E.D. Mo. 2010) (citation omitted). However, when a "'pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite [statement] under Rule 12(e) before responding.'" Whitehead v. City of St. Louis, No. 4:09CV483 CDP, 2009 WL 4430699, at *1 (E.D. Mo. Nov. 24, 2009) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)).

Here, the Court concludes that while Plaintiff's complaint may state one or more claims upon which relief can be granted, the complaint in its present form is so ambiguous that Defendant cannot reasonably be expected to prepare a response. Although notice pleading is a liberal standard, and a pro se litigant's complaint is to be liberally construed, the complaint must provide the defendant with some idea of what the claims and allegations are. The Court finds that Plaintiff needs to state more clearly the grounds upon which her Title VII claims rest. As a result, Plaintiff is directed to file an amended complaint. This cannot be done by simply supplementing her complaint. She must resubmit an entirely new complaint that separately identifies each Title VII claim she wishes to pursue, and sets forth supporting facts, such as dates, names, and circumstances, as to each claim. Plaintiff is cautioned that the filing of an amended

complaint replaces the original complaint, and claims that are not reasserted in the amended complaint are deemed abandoned.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **DENIED,** and its alternative motion for a more definite statement is **GRANTED**. [Doc. #12].

**IT IS FURTHER ORDERED** that Plaintiff shall have up to and including **August 19, 2011**, to file an amended complaint as set forth above. Failure to do so will result in dismissal of this action.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of July, 2011.